UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVE J. PORKOLAB,

        Petitioner,

vs.                                  Case No. 3:18-cv-157-J-39JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

**ORDER**

**I.   INTRODUCTION**

Petitioner Steve J. Porkolab initiated this case by filing a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1) on January 8, 2018, pursuant to the mailbox rule. He challenges his state court (Suwannee County) conviction for first degree murder and attempted first degree murder. Id. at 1. Petitioner raises one ground in the Petition: the plea was induced under assurances of parole eligibility after serving twenty-five years, a fact that was proven false after serving twenty-five years. Id. at 5. Respondents

filed a Response (Response) (Doc. 20).[1] Petitioner filed a Rebuttal to the Respondents' Answer (Reply) (Doc. 21).[2] See Order (Doc. 13).

## II.  EVIDENTIARY HEARING

It is Petitioner's burden to establish a need for an evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012).  The Court can "adequately assess [Petitioner's] claim without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Therefore, Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

---

[1] The Court hereinafter refers to the Exhibits (Doc. 20) as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the document will be referenced.

[2] With respect to the Petition, Response, and Reply, the Court will reference the page numbers assigned by the electronic filing system.

## III.  TIMELINESS

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend Petitioner has failed to comply with the limitation period described above. Response at 10-17. Respondents assert Petitioner is not entitled to the extraordinary remedy of equitable tolling. Id. at 10-17. Petitioner replies: "[t]he premise of timeliness actually has no place in the decision to issue the writ of habeas corpus." Reply at 5. He contends any failure to address his claim for relief on the merits would result in a "manifest injustice." Id.

Upon review, the Petition is untimely filed. At first blush it appears Petitioner's convictions became final in 1986, Response at 1-2, prior to April 24, 1996, AEDPA's effective date; therefore, he had one year, up until April 24, 1997, to file a timely federal petition for writ of habeas corpus. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA); see Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085 (2000). Petitioner did not file his Rule 3.850 motion for post-conviction relief until July 14, 2000,[3] long after a year had passed. Ex. 2 at 1-10. Therefore, the Rule 3.850 motion did not serve to toll the limitations period. See Tinker v. Moore, 255

---

[3] Petitioner's post-conviction counsel filed a Rule 3.850 motion on Petitioner's behalf. Ex. 2 at 1-10.

4

F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period. A state court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

However, there arguably is a new operative judgment in 2011 granting Petitioner jail time credit. On July 28, 2011, Petitioner filed a Rule 3.800(a) motion in the trial court alleging he had not been granted credit for time served in county jail. Ex. 4. The trial court, in an order filed September 12, 2011, granted the motion and awarded Petitioner 361 days credit for time served. Ex. 5. The court directed the clerk to amend Petitioner's sentence to award an additional 361 days of jail credit on each count. Id. at 2. There is a document styled "(Corrected) Judgment" attached. Id. at 7-11. In addition, there is an entry dated September 13, 2011, entitled "Amended Special

5

Provisions/Jail Credit." Ex. 6 at 7 (doc. 804). The Amended Special Provisions for counts 1 and 2 provide for 361 days as credit for time incarcerated before imprisonment. Ex. 7.

Under Florida law, the granting of credit for time served is a substantive change:

> In Florida, a sentence that fails to give credit for time served is an illegal sentence. See State v. Mancino, 714 So.2d 429, 433 (Fla. 1998) (stating that "a sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served"). When a sentence is substantively corrected, the defendant is, from that day forward, in custody on the corrected sentence, not on the original sentence.

Walker v. Sec., Dept. of Corrections, No. 1:12cv282-RH/GRJ, 2014 WL 2095370, at *1 (N.D. Fla. May 20, 2014). Pursuant to Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286, 1292 (11th Cir. 2007) ("AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence."), the judgment according to AEDPA is the underlying conviction and most recent sentence that authorizes the detention. Therefore, Petitioner is in custody on the September 12, 2011 order setting forth the legal sentence. See Mesa v. Jones, No. 17-23706-CIV, 2017 WL 5713932,

at *3 (S.D. Fla. Oct. 17, 2017), (it matters not whether the trial court labeled the document an amended judgment, order, or something else; it is a judgment under Florida law), <u>report and recommendation adopted by</u> 2017 WL 5675256 (S.D. Fla. Nov. 27, 2017). Thus, the altered sentence restarts the clock.

Consequently, as no direct appeal was taken from the September 13, 2011 order awarding jail time credit, the order became final thirty days later, on Thursday, October 13, 2011. Nevertheless, the clock did not begin to run because previously, Petitioner, on September 5, 2011, filed a Rule 3.800(a) motion. Ex. 8 at 1-18. The trial court denied relief and rehearing, Ex. 10 at 1-3, 8. Petitioner appealed, and the mandate issued on June 11, 2012. Ex. 11.

The limitation period began running the following day, Tuesday, June 12, 2012. Twenty-nine days later, on July 11, 2012, Petitioner filed another Rule 3.800(a) motion. Ex. 12 at 1-37. The trial court denied relief. <u>Id</u>. at 40-42. Petitioner appealed, the 1st DCA affirmed, and the 1st DCA issued the mandate on March 27, 2014. Ex. 13; Ex. 14. The limitation period began running the next day, Friday, March 28, 2014, and ran for a period of 102 days, until Petitioner filed another Rule 3.800(a) motion on July 8, 2014. Ex. 17 at 1-5. The trial court denied the motion. <u>Id</u>. at 15-17. Petitioner appealed to the 1st DCA, Ex.

7

18, and the 1st DCA affirmed. Ex. 19. The mandate issued on Friday, April 8, 2016. Id.

Although Petitioner, on April 18, 2016 filed a motion to withdraw plea under Rule 3.170(l), Fla. R. Crim. P., Ex. 20 at 26-34, the trial court found the motion untimely filed.[4] Ex. 20 at 41-42. This Court must defer to that ruling. Jones v. Sec'y, Fla. Dep't of Corr., 906 F.3d 1339, 1350 (11th Cir. 2018), cert. denied, 139 S. Ct. 1384 (2019). As this motion was not "properly filed" it does not serve to toll the limitation period under AEDPA. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (when a state petition is untimely under state law, that concludes the matter for purposes of 28 U.S.C. § 2244(d)(2)).

Thus, the limitation period therefore began to run on Monday, April 11, 2016 (April 9, 2016 fell on a Saturday), and expired 234 days later, on Thursday, December 1, 2016.[5] Petitioner did not file his federal petition until January 8, 2018.

---

[4] The court opined, even if it were to construe the motion as a Rule 3.850 motion, it too would be considered to be untimely filed. Ex. 20 at 41.

[5] Petitioner's 2017 letters written to the Chief Judge of the Third Judicial Circuit were sent after the one-year period expired. Therefore, they could not toll the limitation period. Ex. 23 at 1-3; Ex. 25;

8

Based on the history outlined above, the Petition filed in 2018 is untimely and due to be dismissed unless Petitioner can establish equitable tolling of the statute of limitations is warranted. Damren v. Fla., 776 F.3d 816, 821 (11th Cir. 2015) (per curiam), cert. denied, 137 S. Ct. 830 (2017). In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. Agnew v. Fla., No. 16-14451-CIV, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). Equitable tolling is an extraordinary remedy, employed in "rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation omitted), cert. denied, 138 S. Ct. 1042 (2018).

Petitioner must make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," a hurdle not easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted), cert. denied, 546 U.S. 1108 (2006). It is a petitioner's burden of persuasion, and Petitioner has not met this significant burden. Of import, he has not pled "enough facts that, if true, would

justify an evidentiary hearing on the issue." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (quoting Hutchinson v. Fla., 677 F.3d 1097, 1099 (11th Cir. 2012)), cert. denied, 135 S. Ct. 1171 (2015).

Indeed, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Petitioner claims he began to challenge his sentence when he learned of his ineligibility for parole on count 2.[6] Petition at 14. He blames his tardiness in filing his federal petition on the fact that he has no legal training, has limited access to the prison law library, and depends on the assistance of inmate law clerks who are undertrained and overwhelmed. Id.

A habeas petitioner's lack of legal training and general ignorance of the law are not extraordinary circumstances justifying equitable tolling. Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (per curiam) (procedural ignorance is not an acceptable excuse); Perez v. Fla., 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) (lack of legal education is an

---

6 Petitioner does not provide a date of discovery. See Petition at 14; Reply at 3. Also, he does not identify a particular event that led to his discovery or explain what prevented him from gaining knowledge as to parole eligibility at an earlier date. Further, he does not claim some extraordinary circumstance beyond his control and unavoidable even with due diligence prevented him from making the discovery and filing a timely federal petition.

10

insufficient excuse).  As expected of other litigants, pro se litigants "are deemed to know of the one-year statute of limitations."  Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (per curiam), cert. denied, 552 U.S. 1232 (2008).  Insofar as Petitioner argues he should be entitled to equitable tolling due to restricted law library access and overburdened and undertrained inmate law clerks in the prison system, such circumstances are not extraordinary.  See Miller v. Fla., 307 F. App'x 366, 368 (11th Cir. 2009) (per curiam) (affirming a dismissal of a petition as untimely, finding "restricted access to a law library, lock-downs, and solitary confinement" as well as lack of education and inability to access legal assistance generally do not qualify as circumstances warranting equitable tolling).

Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing equitable tolling is warranted.  The record demonstrates he had ample time to exhaust state remedies and prepare and file a federal petition.  The Court is not persuaded Petitioner acted diligently.  Legal precedence teaches equitable tolling should be used sparingly, and in this instance, Petitioner has failed to show he exercised due diligence.  Further, he has not identified some extraordinary circumstance that stood in his way that prevented timely filing.  Therefore, the Court finds Petitioner has not shown he is entitled to

extraordinary relief. As such, equitable tolling is not warranted.

Petitioner, in his Reply, makes a claim of "manifest injustice." Reply at 5. He argues, "[t]here should be no technicality or defense of 'timeliness' to prevent review and correction of this obvious manifest injustice as [a] result of a plea deal that was not fulfilled." Id. He states he is not parole eligible and will never be if the sentence for count 2 stands. Id.

Although, "[a]ctual innocence may provide a gateway for a § 2254 petitioner to obtain a decision on the merits for an otherwise time-barred claim[,]" Creel v. Daniels, No. 5:16-cv-00803-LSC-JEO, 2018 WL 2187797, at *2 (N.D. Ala. Apr. 12, 2018), report and recommendation adopted by No. 5:16cv00803-LSC-JEO, 2018 WL 2184543 (N.D. Ala. May 11, 2018) (citing McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)), to invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new reliable evidence that was not presented at trial. See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir.) (per curiam) (finding the alleged exception for AEDPA untimeliness requires a petitioner (1) to present "new reliable evidence . . . that was not presented at trial," . . . and (2) to show "that it is more

12

likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence) (citations omitted), cert. denied, 568 U.S. 914 (2012). A petitioner is obliged to show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin, 569 U.S. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995) (internal quotation marks omitted).

Petitioner does not claim actual innocence, nor does he point to any evidence demonstrating it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. See McQuiggin, 569 U.S. at 395 (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner) (citation and quotation omitted). Since Petitioner does not claim actual innocence and has not presented new evidence establishing his actual innocence, this proves fatal to any gateway claim, assuming arguendo Petitioner is making some attempt to make a gateway claim.

Petitioner has not presented any justifiable reason why the dictates of the one-year imitation period should not be imposed upon him. He has failed to demonstrate he is entitled to equitable tolling. He does not claim actual innocence and he has made no

13

attempt to make a credible showing of actual innocence by offering new evidence that is directly probative of his innocence. Therefore, the Court will dismiss the Petition and the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) and the case are **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability.**[7] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of March, 2019.

　　　　　　　　　　　　　　　／s／ Brian J. Davis
　　　　　　　　　　　　　　　BRIAN J. DAVIS
　　　　　　　　　　　　　　　United States District Judge

sa 3/10
c:
Steve J. Porkolab
Counsel of Record

15